UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN VALENTINE MURRAY,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No.:  3:25-cv-00512-JES<br>             3:23-cr-759-JES<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>**[ECF Nos. 1, 58]** |

Before the Court is Calvin Valentine Murray's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"), alleging ineffective assistance of counsel by his attorney, Gerardo Gonzalez. ECF No. 58[1].

///

---

[1] In Petitioner's civil case, 3:25-cv-00512-JES, Petitioner's § 2255 motion is ECF No. 1. In the underlying criminal case, 3:23-cr-759-JES, the same motion is filed as ECF No. 58. The Court hereinafter cites only the docket entries in the criminal case.

1

## I. PROCEDURAL HISTORY

On June 10, 2024, Petitioner Calvin Murray ("Petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel by his attorney, Gerardo Gonzalez. ECF No. 38. On January 31, 2025, the Court issued an Order denying Petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. ECF No. 57. On March 5, 2025, Petitioner filed a renewed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 58) arguing the same grounds as his original motion and arguing that the Court's Order is wrong, which the Court construes as a Motion for Reconsideration of its January 31, 2025, Order. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

## II. MOTION FOR RECONSIDERATION

Petitioner asks this Court to reconsider its January 31, 2025, Order. ECF No. 58. Southern District of California Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge … has been refused in whole or in part." S.D. Cal. CivLR 7.1(i). Local Rule 7.1(i)(2) permits motions for reconsideration within "twenty-eight (28) days of the entry of the ruling, order or judgment sought to be reconsidered." S.D. Cal. CivLR 7.1(i)(2). However, the party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id*.

A motion for reconsideration may also be treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). But a district court may grant a Rule 59(e) motion only if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citations omitted).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). As such, a Rule 59(e) motion "should not be granted, absent highly unusual circumstances." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *see also Reeder v. Knapik*, No. 07-CV-362-L(LSP), 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007) ("A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments."); *Campion v. Old Republic Home Protection Co., Inc.*, No. 09-CV-748-JMA(NLS), 2011 WL 1935967, at *2 (S.D. Cal. May 20, 2011) ("[R]econsideration may not be used to get a second bite at the apple.").

Petitioner filed this renewed motion on March 3, 2025, 31 days after the Court's January 31, 2025, Order. Petitioner's motion offers no new or different facts, points to no newly discovered evidence, identifies no clear error, and cites to no intervening change in law that alters the Court's initial conclusion. Further, Petitioner filed this renewed motion after 28 days from the Court's January 31, 2025, Order. Accordingly, Petitioner's Motion for Reconsideration (ECF No. 58) is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 1, 2025

Honorable James E. Simmons Jr.
United States District Judge